# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSICA PALMA,**<br><br>Plaintiff<br><br>v.<br><br>**COUNTY OF STANISLAUS,**<br><br>**Defendant** | **CASE NO. 1:17-CV-00819-AWI-EPG**<br><br>**ORDER RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Doc. No. 8) |

Plaintiff Jessica Palma ("Plaintiff") filed suit against Defendant County of Stanislaus ("Defendant") alleging disability discrimination and violation of consumer reporting requirements arising out of her application to work for Defendant. Doc. No. 2. Both of Plaintiff's claims are based on California statutes, although a reference to "Title VII" appears on the caption page of Plaintiff's complaint. Id. Defendant now moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. For the reasons that follow, the Court will deny Defendant's

1 motion and will direct Plaintiff to amend her complaint, as she has requested to do in her
opposition brief.[1]

### DEFENDANT'S MOTION PURSUANT TO RULE 12(b)(1)

Defendant argues, *inter alia*, that Plaintiff's entire complaint should be dismissed under Rule 12(b)(1) because her claims rely solely on California law, and the absence of a federal question deprives the Court of subject matter jurisdiction.

Plaintiff does not dispute that she failed to allege a violation of federal law in her complaint. However, Plaintiff asks the Court for leave to amend her complaint to add an allegation that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.* ("ADA") in regards to her disability discrimination claim, which would provide the Court with subject matter jurisdiction.

### LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court. See Fed R. Civ. P. 12(b)(1). Because subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case, a Rule 12(b)(1) motion must be decided before other motions. 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1350 (3d ed.).

### ANALYSIS

In this case, there is no argument that Plaintiff's current complaint lacks a federal question which would provide the Court with subject matter jurisdiction.[2] However, Plaintiff maintains that she can amend her complaint to obtain subject matter jurisdiction by stating a claim under the

---

[1] Due to the need for Plaintiff to amend her complaint in order for this Court to have proper subject matter jurisdiction over this case, the Court declines at this time to address Defendant's Rule 12(b)(6) arguments in favor of dismissal. However, given the meritorious arguments that Defendant has raised under Rule 12(b)(6), the Court maintains grave concerns about whether Plaintiff has adequately stated her claims to survive Rule 12(b)(6) dismissal. Plaintiff has indicated in her opposition brief that she also seeks leave to correct any Rule 12(b)(6) defects. The Court urges Plaintiff to thoroughly correct all defects in light of Rule 12(b)(6) when filing her first amended complaint pursuant to this Court order. Further, the Court will count the first amended complaint when considering whether to allow future amendments. See Zucco Partners, LLC v. Digimarc Ltd., 552 F.3d 981, 1007 (9th Cir. 2009) (a court may deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of amendment."); U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.")

[2] Additionally, there is no argument from Plaintiff that the Court has jurisdiction through any other means, such as diversity jurisdiction.

2

ADA.  An analogous situation arose in Stromberg v. Ocwen Loan Servicing, LLC, 2017 WL 2686540 (N.D. Cal. June 22, 2017), in which the court held that "Even if the jurisdictional allegations in [plaintiff's] complaint are 'not sufficient' on their own, 'the district court may deny the [Rule 12(b)(1)] motion and direct the pleader to amend the pleading' if 'the pleader's affidavits or other evidence show either that the court actually has subject matter jurisdiction over the case or that the nonmoving party might be able to amend to allege jurisdiction.'" Id. at *7 (citing Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.)).  The *Stromberg* court denied the motion to dismiss for lack of subject matter jurisdiction and instructed the plaintiff to amend her complaint. Stromberg, 2017 WL 2686540 at *7; see also In re Parkway Sales & Leasing, Inc., 411 B.R. 337, 348 (Bankr. E.D. Tex. 2009) ("The Court is not compelled to dismiss the case under these circumstances, but may deny the Defendants' Motion to Dismiss under Rule 12(b)(1) and direct [plaintiff] to amend the complaint, or dismiss with leave to amend.")

Here, based on Plaintiff's opposition brief, it appears she can amend her complaint to allege jurisdiction by adding a claim under the ADA for disability discrimination, and requests leave from the Court to do so.  The Court will therefore deny Defendant's motion to dismiss and will direct Plaintiff to amend her complaint.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is DENIED; and

2. Plaintiff must file a first amended complaint within 30 days of the date of this order.

IT IS SO ORDERED.

Dated:   August 10, 2017                     _____
                                              SENIOR DISTRICT JUDGE

3

4