# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA PALMA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>COUNTY OF STANISLAUS,<br><br>　　　　Defendant | CASE NO. 1:17-CV-0819 AWI EPG<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. No. 14) |

Jessica Palma ("Plaintiff") applied for a job with Stanislaus County ("Defendant"), but was ultimately denied a position. Plaintiff's First Amended Complaint ("FAC") presents two counts of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §12112, and the California Fair Employment and Housing Act, Cal. Gov't Code §§12920 et seq, and one count of violating a duty of disclosure under the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §1786.53. Defendant now moves under Rule 12(b)(6) to dismiss each count. Defendant's motion will be granted, with leave for Plaintiff to amend.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

In March of 2017, Plaintiff submitted to Defendant an employment application. Plaintiff executed a consent form allowing Defendant to obtain information about her for employment purposes, and was required to waive her right to review this information.

Plaintiff interviewed with Joe Green ("Green"), who at one point during their discussion said "I see you have a lot of energy. How do you relax?" Plaintiff perceived this as an inquiry into her stutter, which she describes as "a severe speech impediment . . . that significantly limits her

---

[1] The following facts are alleged in Palma's complaint and are presumed true for purposes of this order.

life activities of speaking and working." Green extended Plaintiff an offer of employment on the condition that she pass a background check. After the interview, Green contacted one of Plaintiff's references, at one point asking about Plaintiff's stutter and how it impacted her work.

In April 2017, Defendant notified Plaintiff she was not selected for the position. Plaintiff requested Defendant provide her with all information collected during the background check, but Defendant demurred, citing Plaintiff's waiver.

In June 2017, Plaintiff filed a complaint contending that, in refusing to hire her due to her stutter, Defendant discriminated against her in violation of the California Fair Employment and Housing Act (FEHA). Plaintiff maintains Green regarded her as disabled, even though her stutter is not a disabling condition. In her Complaint, Plaintiff did not identify the position's title, job description, duties, or any other details about the opening, but alleged that she was qualified for the position. Plaintiff also alleged Defendant violated the California Investigative Consumer Reporting Agencies Act (ICRAA), contending Defendant unlawfully required her to waive her right to obtain the information collected during the background check, and unlawfully refused to provide the information to her upon request. Defendant moved to dismiss Plaintiff's Complaint for failure to exhaust her administrative remedies, failure to state a claim on which relief may be granted, and lack of subject matter jurisdiction.

In August 2017, this Court dismissed Plaintiff's Complaint under Rule 12(b)(1), because the claims alleged were solely a matter of California state law and no diversity jurisdiction existed; the Court granted Plaintiff leave to amend, so as to cure the jurisdictional defects. The Court also expressed "grave concerns" about whether Plaintiff adequately stated claims to survive a Rule 12(b)(6) motion, urged her to correct those defects, and stated it would "count the FAC when considering whether to allow future amendments." The Court did not otherwise comment on the substance of Defendant's 12(b)(6) arguments.

That same month, Plaintiff filed her FAC, which added one count of discrimination under the Americans with Disabilities Act (ADA), demonstrated exhaustion of administrative remedies, and added additional facts describing her disability. Thereafter, Defendant filed this Motion to Dismiss for failure to state claims on which relief may be granted.

2

**DISCUSSION**

*Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, a complaint that offers no more than "labels and conclusions [or] a formulaic recitation of the elements of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015). Further, the Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Mollett*, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." *Id*. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Ninth Circuit has distilled the following principles for Rule 12(b)(6) motions:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must

3

contain sufficient allegations of underlying facts to give fair notice and to enable
the opposing party to defend itself effectively.
Second, the factual allegations that are taken as true must plausibly suggest an
entitlement to relief, such that it is not unfair to require the opposing party to be
subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made," *Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir. 2012), unless amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. *Garmon v. County of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016).

## I. ADA and FEHA Claims

### *Defendant's Argument*

Defendant moves to dismiss under Rule 12(b)(6), maintaining Plaintiff has failed to allege (A) sufficient facts demonstrating that she is a qualified individual under the ADA or the FEHA, (B) Defendant had a discriminatory intent in refusing to hire Plaintiff, or (C) a causal link exists between Plaintiff's stutter and Defendant's refusal to hire Plaintiff.

### *Plaintiff's Opposition*

Plaintiff counters she has sufficiently alleged facts under the ADA and FEHA to plead a case of disability discrimination. For support, she references numerous facts in the FAC demonstrating the severity of her condition and its effect on her day-to-day activities, Green's comments concerning her ability to work due to her condition, and Defendant's ultimate decision declining to hire her because of Green's perceptions. She also refers to numerous statements made in her FAC contending the position was one "for which she was qualified."

### *Analysis*

Under Title I of the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures [or] hiring . . . of employees . . . ." 42 U.S.C. 12112(a); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007). Similarly, the FEHA "prohibits an employer from discriminating against an employee because of the employee's disability." Cal. Gov't. Code §12940(a); *Alsup v. U.S. Bancorp*, 2015 WL 6163453, at *4 (E.D. Cal. Oct. 19, 2015) ("California

has adopted the three-stage federal test for evaluating claims of employment discrimination, including disability discrimination."). Under both the ADA and FEHA, a person contending an employer refused to hire her based on a disability bears the ultimate burden of proving that she is (1) disabled under the Act(s), (2) is a "qualified individual with a disability," and (3) was discriminated against "because of" the disability. *Bates*, 511 F.3d at 988; *Nguyen v. Adams & Assocs., Inc.*, 2017 WL 4012329, at *3 (E.D. Cal. Sept. 12, 2017).[2]

### A. Disabled under the Act

The ADA defines "disability" as a physical or mental impairment that substantially limits one or more of the major life activities of such individual, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(2); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). A person may be "regarded as" disabled if the employer mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or mistakenly believes an actual non-limiting impairment substantially limits one or more major life activities. *Id.* (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999)). An impairment covered under the ADA includes any physiological disorder. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017). Speaking and working are major life activities. 29 C.F.R. § 1630.2.

In her FAC, Plaintiff offers numerous details concerning her stutter and how, during both her interview and the reference-check process, Green inquired whether her stutter affected her ability to work. Plaintiff maintains Green's inquiries evidence that he regarded her as disabled; when taken as true, these facts are more than sufficient to meet the first element of disability

---

[2] Additionally, Plaintiff appears to allege a claim of "impermissible medical inquiry" under FEHA, §12940(f)(1), but makes this claim in her "first claim for relief" alongside her disability discrimination claim under §12940(a). These are separate and distinct causes of action. *See Ellis v. San Francisco State Univ.*, 114 F. Supp. 3d 884, 888 (N.D. Cal. 2015) (recognizing a cause of action for impermissible medical inquiry under the ADA and FEHA); *Lehane v. Boeing Co.*, 2015 U.S. Dist. LEXIS 1664, *38 (treating "improper inquiry into disability" as a separate claim from a claim of "disability discrimination."); *also compare Godinez v. Alta-Dena Certified Dairy*, LLC, 2016 WL 6915509, at *8 (C.D. Cal. Jan. 29, 2016) (treating claims of disability discrimination under §12940(a) and failure to engage under §12940(n) as separate causes of action), *with Gelfo v. Lockheed Martin Corp.*, 43 Cal. Rptr. 3d 874, 889 (2006) ("In addition to a general prohibition against unlawful employment discrimination based on disability [under §12940(a)], FEHA provides an *independent cause of action* [under §12940(n)] for an employer's failure to provide a reasonable accommodation . . . ."). Therefore, upon amending, if Plaintiff wishes to press a claim for an impermissible medical inquiry under FEHA, §12940(f)(1), she should do so in a separate cause of action.

discrimination for a claim of "regarded as" discrimination under both the ADA and FEHA.[3] *Walton*, 492 F.3d at 1005; *see e.g. Taylor v. Health*, 675 F. App'x 676, 677 (9th Cir. 2017) (where employer noted a physical impairment in deciding not to hire the plaintiff, a case of "regarded as" discrimination was presented); *Allen v. FedEx Express*, 405 F. App'x 127, 128 (9th Cir. 2010) (applying the ADA "regarded as" standard to the FEHA case).

### B. Qualified Individual with a Disability

A "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *Bates*, 511 F.3d at 989. To determine whether the disability case is plausibly pleaded, "[t]he court first examines whether the individual satisfies the requisite skill, experience, education and other job-related requirements of the position, then whether the individual can perform the essential functions . . . with or without a reasonable accommodation." *Samper v. Providence St. Vincent Medical Center*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citing *Bates,* 511 F.3d at 990). The identification of essential job functions is a "highly fact-specific inquiry." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 797 (N.D. Cal. 2015); *Lui v. City & Cty. of San Francisco*, 211 Cal. App. 4th 962, 971 (2012).

In *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132 (E.D. Cal. 2010), this Court wrestled with the question of whether the plaintiff had presented sufficient facts in her complaint to present case of discrimination. In applying the two-pronged *Samper* test under the FEHA (imported from the ADA), the Court found plaintiff had fallen woefully short of alleging "at least some minimal factual basis to support the conclusion [that she] can perform the essential functions of the job with or without accommodation is necessary." *Id*. This Court dismissed, granting leave to amend, based on the following logic:

> Plaintiff's complaint details her disability in some detail but gives no information
> at all as to what Plaintiff can do or what the essential elements of Plaintiff's job is

---

[3] Plaintiff also alleges facts that would support a plausible claim that she is *in fact* disabled under the ADA and FEHA. In her FAC, Plaintiff states her stutter limits her life activities of speaking and working. Plaintiff contends she has a severe speech impediment that has caused "significant problems with communication throughout her life," including not being able to make her point or to engage in regular conversation. Plaintiff alleges she has received treatment from speech pathologists to improve her ability to speak. While this Court will concentrate its analysis on Plaintiff's "regarded as" allegations, she has stated sufficient facts under *Iqbal* for these alternative theories.

or might be with or without reasonable accommodations. Plaintiff's first claim for relief alleges no facts at all to indicate whether Plaintiff is a qualified individual or what the essential elements of her job are or what the essential elements of an alternative job might be.

*Id.*; *see also Taylor*, 675 F. App'x at 677–78 (dismissing ADA claim for failure to plead discrimination case because she had not discussed in her complaint whether she could perform the essential functions of the job).

As applied to the FAC, there is a dearth of information concerning the position's essential functions or Plaintiff's ability to perform this job; Plaintiff fails to identify a job title or any other facts concerning the position. In fact, throughout her FAC, Plaintiff merely recites the boilerplate language of the statutes and case law when discussing this element of the ADA:

- Plaintiff was, at all times herein, a job applicant and **qualified individual**;
- Plaintiff submitted an application . . . for a position **for which she was qualified**;
- Plaintiff interviewed for **the position**;
- Plaintiff **would have been able to perform the essential functions of the job** for which she applied with or without accommodation;
- Defendant . . . refused to hire Plaintiff for a job **for which she was qualified**.

These statements—unaccompanied by facts that meaningfully describe the position's essential functions (at least as she perceives them to be), or her ability to perform them—offer no more than "labels and conclusions."[4] Under *Iqbal*, Plaintiff's "formulaic recitation of the elements of action will not do." *Johnson*, 793 F.3d at 1008; *see also King v. Permanente Med. Grp., Inc.*, 2013 WL 5305907, at *7 (E.D. Cal. Sept. 19, 2013) ("An employee's vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its [FEHA] obligations.").

In order to proceed with this suit, the parties (and the Court) must be made aware of what the essential functions of this job would have been, as distinguished from the job's marginal functions, and whether Plaintiff was indeed qualified to perform the requisite tasks. *Samper*, 675 F.3d at 1237. Because the Complaint does not do so, a necessary element is not plausibly plead.

---

[4] Plaintiff may not be aware of all of the essential functions of this job, and *Kelley* does not require such specificity. Rather, Plaintiff is only required to allege facts making her claim "plausible." *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) ("The *Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.").

### C. Causal Link/Motivating Factor and Discriminatory Intent

The third element requires Plaintiff to allege facts sufficient to show that she was discriminated against "because of" her perceived disability. *Bates*, 511 F.3d at 988; *see also Phillips v. Victor Cmty. Support Servs., Inc.*, 692 F. App'x 920, 921 (9th Cir. 2017) ("[T]he ADA outlaws adverse employment decisions motivated, even in part, by animus based on a plaintiff's disability or request for an accommodation—a motivating factor standard."); *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013) (under FEHA, the court must examine whether "an illegitimate criterion was a substantial factor in the particular employment decision."). Courts may infer causation from circumstantial evidence, such as the employer's knowledge of the existence of a disabling condition, and a temporal connection between the employer's knowledge and the adverse employment action. *See, e.g.*, *US E.E.O.C. v. Placer ARC*, 114 F. Supp. 3d 1048, 1061 (E.D. Cal. 2015); *Falash v. Inspire Acads., Inc.*, 2016 WL 4745171, at *7 (D. Idaho Sept. 12, 2016) (references to plaintiff's disability "preceded [his] termination to such a degree that no reasonable trier of fact could find that there was a motivating factor between the two.").

Here, Plaintiff alleged she was offered a job, contingent on her passing a background check, and stated that the interviewer, Green, inquired as to her condition both during the interview and while speaking with one of Plaintiff's references. Shortly after, the offer of employment was rescinded. Plaintiff alleges that Defendant's conduct was intentional throughout her pleadings. From these facts, the Court can reasonably infer that this job offer was rescinded because of Green's perceptions of Plaintiff's condition. This is enough to indicate a sufficient causal link between Defendant's intentional conduct and the adverse employment action.[5] *See Achal*, 114 F. Supp. 3d at 797 (allegations sufficient to support a disability discrimination complaint under FEHA where complaint stated facts detailing employer's conduct prior to and at time of adverse employment action); *cf. Nguyen*, 2017 WL 4012329, at *3 (no causal link found where the plaintiff merely pleaded "defendant refused to hire him because of his disability").

---

[5] It is possible that, in this course of this litigation, Defendant may offer proof as to some non-discriminatory reason why it rescinded the offer. *See, e.g., Sada v. Robert F. Kennedy Med. Ctr.*, 56 Cal. App. 4th 138, 153 (1997) (the Act does not prohibit an employer from rejecting a job applicant because she is less qualified than the person selected). However, at this stage Plaintiff's Complaint need only "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Mollett*, 795 F.3d at 1065.

### ADA/FEHA Conclusion, Leave to Amend

Plaintiff has stated sufficient facts under Iqbal and Kelly to allege that Green regarded her as disabled, and that a causal link existed between his perceptions and Defendant refusing her the position. However, Plaintiff has failed to identify the essential functions of the job to which she applied, and has failed to allege with sufficient factual specificity her ability to perform these functions.

Plaintiff has amended her complaint only once. While this Court expressed its "grave concerns" as to whether she stated a claim on which relief might be granted when it dismissed her initial Complaint, this is the first time the substance of Defendant's 12(b)(6) motion has been adjudicated. Because of this, along with the fact it is not clear that an amendment would be futile, the Court will dismiss the FAC with leave to amend her ADA and FEHA claims. *See Garmon*, 828 F.3d at 842. The Court will now consider both the initial Complaint and FAC when considering whether to allow future amendments.

## II. ICRAA Claim

### Defendant's Argument

Defendant moves to dismiss under Rule 12(b)(6) on Plaintiff's ICRAA claim, contending both the initial Complaint and the FAC have each "failed to demonstrate how Defendant's conduct in processing Plaintiff's background check falls under [ICRAA's] protections."

### Plaintiff's Opposition

Plaintiff counters the FAC sufficiently pleads a case for Defendant's alleged violation of the ICRAA. Plaintiff maintains the ICRAA broadly requires Defendant to disclose to her "any information it acquired about Plaintiff for employment purposes," which Plaintiff contends would include information received during the background check. Further, Plaintiff avers Defendant violated the ICRAA by failing to provide her with the choice not to waive her right to receive any information collected by Defendant, instead requiring she sign a waiver form.

### Analysis

ICRAA intends to ensure that entities engaged in assembling and evaluating information on consumers for employment, insurance, and housing purposes do so fairly, impartially, and with

respect for the consumer's privacy. Cal. Civ. Code §1786(b). ICRAA details certain mechanisms through which a consumer can obtain copies of the information collected by these entities, in order to "best protect the interests of the people of the State of California." Id. at (g). If an entity—including the government, a governmental subdivision, or agency—uses the services of an "investigative consumer reporting agency" to compile an "investigative consumer report," the consumer may obtain a copy of this report. Cal. Civ. Code §1786.11, see also Cal. Civ. Code §1786.2(a) (for ICRAA definitions). ICRAA further provides that if the entity obtains personal information "which are matters of public record" for employment purposes, and does not use the services of an investigative consumer reporting agency, this personal information may be made available to the consumer. Cal. Civ. Code §1786.53(a). A "public record" is defined as a record "documenting an arrest, indictment, conviction, civil judicial action, tax lien or outstanding judgment." Cal. Civ. Code §1786.2(a)(3). Thus, to plead a case for an ICRAA violation, the Plaintiff must allege facts pertaining to each of these statutory elements, including whether the employer utilized an "investigative consumer reporting agency" to compile an "investigative consumer report" or whether, in lieu of this service, it obtained personal information from "public records" for employment purposes. *See, e.g., Fowler v. Cedars-Sinai Med. Ctr.*, 2014 WL 6694740, at *7 (Cal. Ct. App. Nov. 26, 2014) (for a general discussion of a cause of action under ICRAA).

Further, ICRAA provides that the entity "shall provide on any job application form, or any other written form, a box that, if checked by the consumer, permits the consumer to waive his or her right to receive a copy of any public record obtained pursuant to this section." §1786.53(b)(2).

With this framework in mind, this Court turns to the substance of Plaintiff's ICRAA cause of action. First, Plaintiff contends Defendant violated the ICRAA, §1786.53,[6] when it declined to disclose to her "any information it acquired about Plaintiff for employment purposes." Plaintiff

---

[6] In the heading for the second count, Plaintiff claims a violation of "California Investigative Consumer Reporting Agencies Act", but then mistakenly cites to Cal. Civ. Code §§1785.1 et seq., which is the Consumer Credit Reporting Agencies Act (CCRAA). The substance of Plaintiff's second count, and her opposition to Defendant's Motion to Dismiss, is tied almost fully to the ICRAA. If Plaintiff chooses to amend her complaint, she should take care to correct the citation to the CCRAA or, if Plaintiff intends to file a cause of action under this act, she should do so in a separate count alongside facts supporting her CCRAA cause of action. This Order will treat Plaintiff's cause of action as arising under ICRAA.

10

maintains Defendant should have disclosed "information about her that it received when it conducted a background check." Second, Plaintiff contends Defendant violated the ICRAA by failing to include a waiver check box on its job application form, instead presenting to her a separate form that included the waiver; Plaintiff states "the only option available to [her] was to sign the form agreeing to waive her right to receive the information."

### 1. *Request for Background Check Information*

First, Plaintiff's assertion that Defendant must disclose "any information it acquired about Plaintiff for employment purposes" does not comport with the strictures of the ICRAA, and as such Plaintiff has failed to state a claim on which relief may be granted for a violation of ICRAA.

Plaintiff appears to be contending that Defendant did not use an "investigative consumer reporting agency," but compiled this information itself. Therefore, absent the waiver, the only information covered by the ICRAA would be personal information which are "matters of public record." See §1786.53(a). However, from Plaintiff's factual assertions in her FAC, she does not allege Defendant utilized a public record, or that she is otherwise seeking any record "documenting an arrest, indictment, conviction, civil judicial action, tax lien or outstanding judgment." See §1786.2(a)(3). Rather, Plaintiff has almost exclusively focused on information concerning her disability that Green solicited from Plaintiff's references, which Defendant would not appear to have a duty to disclose under ICRAA.[7] Thus, no plausible claim is alleged. If Plaintiff chooses to amend her complaint, she should offer more than broad conclusions that Defendant has a general duty to disclose "all information," and should detail what information "which are matters of public record" Defendant obtained, so that fair notice can be given "to enable the opposing party to defend itself effectively." *Iqbal*, 556 U.S. at 678; *Levitt*, 765 F.3d at 1135.

### 2. *Choice to Waive*

Second, Plaintiff claims that Defendant violated ICRAA by failing to provide her with the

---
[7] See Cal Civ Code § 1786.55 (" Nothing in this chapter is intended to modify . . . existing law concerning information obtained by an employer or employment agency without the use of the services of an investigative consumer reporting agency for employment reference checks, background investigations, credential verifications, or employee investigations . . . ."

11

opportunity to refrain from waiving her right to receive information obtained during the application process. Plaintiff states she did not have the opportunity to check a box, as required by §1786.53(b)(2), which would have allowed her to waive her "right to receive a copy of any public record obtained [under ICRAA]." Instead, Plaintiff maintains "[t]he only option available [] was to sign the form agreeing to waive her right to receive the information." Thus, Plaintiff appears to be contending that she did not voluntarily waive her right to obtain the information, but was compelled to do so as a matter of course. Neither party cites to any cases, and this Court is aware of none, describing a cause of action under Section 1786.53(b)(2). However, this Court is guided by the Ninth Circuit precedent concerning similar waivers in other statutory schemes.

For example, in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017),[8] the Ninth Circuit held that a prospective employer violates the Fair Credit Reporting Act, Section 1681b(b)(2)(A), "when it procures a job applicant's consumer report after including a liability waiver in the same document as the statutorily mandated disclosure." *Id*. at 496. The FCRA mandates that an entity such as a potential employer may not procure a consumer report without disclosing in writing to the consumer that it will be doing so. *Id*. at 497; see also 15 U.S.C. §1681b(b)(2)(A). In *Syed*, the employer provided the plaintiff a "pre-employment disclosure release" that, by signing, gave the employer the ability to collect a consumer report. *Id*. However, the same form also contained a waiver of the plaintiff's right to sue under the act. *Id*. By signing the form, the plaintiff was both authorizing the collection of the report *and* indemnifying the employer from any FCRA violation. *Id*. at 497-98. Thus, the plaintiff had no ability to choose to authorize the collection and preserve his right to sue under the FCRA, which the Ninth Circuit found to be a violation of the FCRA. *Id*. In effect, the plaintiff's waiver could not be viewed as a voluntary expression, as the form provided him with no meaningful choice.

Here, Plaintiff does not allege Defendant presented her any such 'dual-purpose' form that both authorized Defendant to access public records *and* require Plaintiff to waive her right to obtain copies of these records. Instead, Plaintiff merely contends she was given no choice but to

---

[8] The provisions of the federal Fair Credit Reporting Act overlap in many respects with the California Investigative Consumer Reporting Agencies Act. *See* 3-50 California Employment Law § 50.12 (2017). Therefore, for purposes of analogy, this Court will utilize the logic presented in *Syed*.

12

sign the waiver form, and argues she should have been given the option to not check a box on her application form. Her claim is generally analogous to cases that have held waivers must be made knowingly and voluntarily. Based on this framework, and given *Syed*'s apparent recognition of a cause of action for an errant waiver form, this Court will assume—without deciding—that Plaintiff has stated a plausible claim on which relief may be granted,[9] insomuch as Plaintiff intends to plead she had "no choice" but to sign the waiver form. *Compare Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986) (discussion of whether a waiver of a Section 1983 claim is invalid when produced by duress and coercion) *with Barnes v. Hershey Co.*, 2012 WL 5412031, at *2 (N.D. Cal. Nov. 6, 2012) ("In a dispute over the validity of a waiver, the Older Workers Benefit Protection Act ("OWBPA") requires that the party asserting the validity ... shall have the burden of proving ... that a waiver was knowing and voluntary.").

### *Conclusion/Leave to Amend ICRAA*

Because this is the first time the Court is addressing the substance of Plaintiff's ICRAA claim, and because it is not clear that an amendment would be futile, the Court will dismiss the FAC with leave to amend Plaintiff's Background Check cause of action. *See Garmon*, 828 F.3d at 842. The Court will now consider both the initial Complaint and FAC when considering whether to allow future amendments.

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (Doc. No. 14) is GRANTED, and the FAC is DISMISSED with leave to amend;
2. Within fourteen (14) days of service of this order, Plaintiff may file an amended complaint that is consistent with the analysis of this order; and
3. If Plaintiff does not file an amended complaint, Defendants shall file an answer within twenty-one days of service of this order.

---

[9] Given the nature of the briefing by the parties on this issue, the Court reiterates that it assumes that a viable cause of action exists. However, as this case progresses, and with additional arguments from the parties, the Court may find Plaintiff's claim to be insufficient. Out of an abundance of caution, the Court will not dismiss this cause of action at this time.

IT IS SO ORDERED.

Dated:   December 19, 2017

_____
SENIOR DISTRICT JUDGE